IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01774-BNB

MAJOR DANIEL VANN,

    Applicant,

v.

MARK BROADDUS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 6 2006

GREGORY C. LANGHAM
                 CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant Major Daniel Vann is a prisoner in the custody of the Colorado Department of Corrections at the Buena Vista, Colorado, correctional facility. Mr. Vann has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1994 & Supp. 2006). The Court must construe the application liberally because Mr. Vann is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Vann will be ordered to file an amended application.

Mr. Vann is challenging the validity of his 1998 conviction in the Denver District Court. On August 27, 1998, he was convicted by a jury on two counts of child abuse resulting in serious bodily injury. On October 9, 1998, he was sentenced to twenty-three years on each count, to be served consecutively, together with a mandatory period of parole. On April 2, 2001, the Colorado Court of Appeals affirmed both

convictions and sentences on direct appeal. On March 21, 2001, certiorari review was denied. On August 31, 2001, his postconviction motion for reconsideration of sentence pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure was denied.

Mr. Vann alleges that he initiated three postconviction proceedings, but he fails to allege the reason or reasons each postconviction proceeding was denied, affirmed on appeal, and denied certiorari review. On October 26, 2001, he filed a postconviction Colo. R. Crim. P. 35(c) motion, which the Denver District Court denied on November 15, 2001, as frivolous and groundless. On May 1, 2003, the Colorado Court of Appeals affirmed. On October 11, 2005, certiorari review was denied. On January 23, 2004, while the first Colo. R. Crim. P. 35(c) motion was pending, Mr. Vann filed a second Colo. R. Crim. P. 35(c) motion. On April 22, 2004, the motion was denied. On June 2, 2005, the Colorado Court of Appeals affirmed. Mr. Vann attaches a copy of the unpublished affirmance without page one of the opinion. He alleges that certiorari review was denied on October 11, 2005, the same day that certiorari review was denied on the first Colo. R. Crim. P. 35(c) motion.

On January 18, 2006, he filed a Colo. R. Civ. P. 106 petition for habeas corpus relief, which the trial court treated as another Colo. R. Crim. P. 35(c) motion and denied as successive on March 10, 2006. He alleges that on July 20, 2006, the Colorado Court of Appeals affirmed and certiorari review was denied. According to the trial court's March 10 opinion, Mr. Vann appears to have filed at least one other Colo. R. Crim. P. 35 postconviction motion, possibly pursuant to Rule 35(a).

In the instant habeas corpus application, Mr. Vann asserts nine claims. Because the application is verbose, it is not clear which claims were exhausted on direct appeal

and which claims were exhausted in which postconviction proceeding. The Court needs this information to determine whether Mr. Vann has exhausted state remedies as to his asserted claims as required by 28 U.S.C. § 2254(b)(1) and whether the instant application is filed in a timely manner pursuant to 28 U.S.C. § 2244(d) (Supp. 2006). Therefore, Mr. Vann will be ordered to submit an amended application that clarifies the information he has provided in the application. The Court will deny the application and dismiss the instant action if Mr. Vann fails to provide this necessary information within the time allowed. Accordingly, it is

ORDERED that Mr. Vann file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with the directives of this order. It is

FURTHER ORDERED that the amended application shall be titled "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, Room A105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Vann, together with a copy of this order, two copies of the following form to be used in submitting the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Vann fails within the time allowed to file an amended application as directed, the application will be denied and the action will be

dismissed without further notice.

DATED October 26, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01774-BNB

Major Daniel Vann
Prisoner No. 98730
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 10/26/06

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk