IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01774-MSK-KLM

MAJOR DANIEL VANN,

       Applicant

v.

MARK BROADDUS and
JOHN SUTHERS,

       Respondent(s).
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

Before the Court is an **Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** [Docket No. 7; Filed November 15, 2006] filed by Major Daniel Vann ("Applicant"). Respondents filed an Answer to Order to Show Cause on February 14, 2007. [Docket No. 15]. Applicant filed Petitioner's Response to the Respondents [sic] Motion to Show Cause on March 16, 2007. [Docket No. 19].  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R. 72.1C, the Amended Application has been referred to this Court for recommendation.

The matter has been fully briefed and is ripe for resolution. The Court has considered the relevant pleadings, the state court record, and the applicable case law, and is sufficiently advised in the premises.  For reasons set forth below, the Court recommends that the Application be **DENIED**.

I. Background and Procedural History

Applicant challenges his state court convictions on two counts of child abuse involving serious bodily injury, in violation of Colo. Rev. Stat. § 18-6-401(1)(a), and 7(a)(III). *Application* [No. 7] at 2. Applicant was found guilty by jury verdict in Denver District Court and sentenced to two consecutive prison terms of twenty-three years. *People v. Vann*, No. 98CA2312 (Colo. App. Aug. 17, 2000) (unpublished decision) (*Vann I*). Applicant is currently in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Facility in Buena Vista, Colorado.

The following facts were established at trial and led to Applicant's convictions: In 1996, Applicant married Vanessa Richardson. *Record* vol. VII at 135.[1] Richardson had two children from a previous relationship: Chenara, age seven, and Chequella, age four. *Id.* at 133.[2] Applicant was controlling and verbally abusive. *Id.* at 137-38. He had primary responsibility for child care. *Id.* at 139. On several occasions, after she returned home from work, Richardson observed injuries on her daughters. They had been both lashed with a telephone cord and suffered injuries to their legs, back and buttocks. *Id.* at 143-148.

One day Richardson was contacted by a social worker at her daughters' school. *Id.* at 152. The social worker informed her that she had to bring both girls to a crisis center for a medical examination. *Id.* at 154. A registered nurse examined the children and found extensive scarring over most of their bodies. *Id.* at 83. The girls had a large number of

---

[1] Richardson testified at trial pursuant to a plea agreement. *Id.* at 163-65.

[2] These were the children's ages on the day of the trial.

scars on their buttocks, lower back, and thighs. *Id.* at 91.

The girls told the registered nurse, a social worker, and a forensic interviewer that they were frequently beaten by the Applicant with a brush and extension cord. *Id.* at 51-54, 122-23. On one occasion, Chenara was struck with a brush in her pubic area *Id.* at 122. Both girls had a substantial risk of serious permanent disfigurement and had suffered serious bodily injury. *Id.* at 131-32.

Applicant appealed his convictions to the Colorado Court of Appeals, raising the following grounds for relief: (1) there was insufficient evidence to convict him on one of the alternative theories presented to the jury; (2) the trial court erred in denying his challenge to one of the jurors for cause; (3) the trial court erred in not instructing the jury that the child witness would not be testifying because she had been found incompetent; (4) the trial court erred in denying his motion for a mistrial when a prosecution witness violated the court's order concerning evidence of his prior uncharged misconduct; and (5) the trial court abused its discretion in sentencing him to two consecutive twenty-three-year terms. *Vann I*. The Colorado Court of Appeals affirmed Applicant's convictions on August 17, 2000. *Id.* Applicant's petition for writ of certiorari was denied by the Colorado Supreme Court on March 19, 2001. *Application* [No. 7], App. 2.

On October 26, 2001, filed a motion for post-conviction relief in Denver District Court. *Response* [No.15], App. A. Applicant claimed that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Brief of Appellant* at *People of Colorado v. Vann*, No. 02CA59 (*Vann* I) (filed July 19, 2002). The trial court's denial of the motion was affirmed

by the Colorado Court of Appeals.  *People v. Vann,*  No. 02CA0059 (Colo. App. May 1, 2003) (*Vann II).*

On February 2, 2002, Applicant filed a petition for writ of habeas corpus in this court. *Vann v. Reid*, 02-cv-00259-EWN-CBS.   After Respondents filed an answer, Applicant moved to dismiss without prejudice because he had failed to exhaust state court remedies. The Court dismissed the action on July 9, 2002.

On July 25, 2003, Applicant began filing three separate motions for post-conviction relief in state court.  *Response* [No. 15]*,* App. M.  Applicant challenged his sentence as illegal and claimed that the prosecution abused its discretion in charging him with a felony instead of a misdemeanor, and that he was subject to racial discrimination. *Id.*  The trial court's denial of the motions was affirmed by the Colorado Court of Appeals.  *People v. Vann*, No. 04CA1012 (Colo. App. June 2, 2005)(unpublished decision). On October 11, 2005, Applicant's petition for writ of certiorari was denied by the Colorado Supreme Court. *Application* [No. 7]*,* App. 7.

On January 18, 2006, in Denver District Court, Applicant filed a "Verified Remedial Writ in the Nature of Habeas Corpus" in Denver District Court. *Response* [No. 15], App. C. Applicant raised the following grounds for relief: (1) he did not receive a fair trial because there was no substantive evidence to support his convictions; (2) he was denied a fair trial due to faulty jury instructions; (3) the trial court imposed an illegally enhanced sentence; (4) the trial court erred in imposing consecutive sentences; (5) the trial court committed fraud by not ruling on all of Applicant's post-conviction motions; and (6) the prosecutor

engaged in misconduct in eliciting damaging remarks by the state's expert witness. *Id.* The trial court denied the motion as successive. *Application* [No. 7], App. 8.

There is no record indicating that Applicant appealed this decision to the Colorado Court of Appeals. Instead, on June 19, 2006, Applicant filed a petition for writ of habeas corpus in the Colorado Supreme Court raising the same grounds for relief and appealing the district court's order. *Response* [No. 15], App. T. The petition was denied on July 20, 2006. *Application* [No. 7], App. 9.

On September 7, 2006, Applicant filed the present action. In his Amended Application for a Writ of Habeas Corpus, Applicant raised ten claims for relief:

Claim One:    Applicant was denied his right to a fair trial because there was no substantial evidence to prove the theories presented to the jury. *Application* [No. 7] at 5.

Claim Two:    Applicant was denied a fair trial because the trial court denied his challenge to a prospective juror for cause. *Id.* at 9.

Claim Three: The trial court erred in refusing to instruct the jury that the four-year -old witness was ruled incompetent to testify. *Id.*

Claim Four:  The trial court erred in not granting a mistrial after a prosecution witness stated that Applicant threatened to kill her. *Id.* at 10.

Claim Five:   The trial court's imposition of consecutive sentences was an abuse of discretion. *Id.*

Claim Six:    Applicant's enhanced sentence violated the dictates of *Apprendi. Id.*

5

at 11.

Claim Seven: Applicant's consecutive sentences violated the Double Jeopardy
Clause because they are supported by the same evidence. *Id.* at 14.

Claim Eight:  The complaint was defective because it did not include a complete
citation of the applicable statute.  *Id.* at 15.

Claim Nine:  The jury instructions constituted a constructive amendment because
they added an uncharged theory of child abuse.  *Id.* at 16.

Claim Ten:   The prosecutor committed fraud by informing the jury of a stipulation
of the parties concerning the testimony of the state's expert witness.
*Id.* at 17.

II.     Analysis

A.     Applicant's Status

Applicant is proceeding *pro se.*  Therefore, the Court must construe his Application
liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106,
1110 (10th Cir. 1991).   In this regard, the Court should carefully weigh the need for
Applicant to present constitutional claims against any procedural defects caused by
Applicant's *pro se* status.   *See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993).
However, the Court is not the nonmoving party's advocate and must nevertheless deny an
application that is based on vague or conclusory allegations.  *Hall*, 935 F.3d at 1110.

B.     Standard of Review

Pursuant to 28 U.S.C. § 2254(d), an application for writ of habeas corpus may be

6

granted only if it is based on an underlying state court decision that (1) is "contrary to . . . clearly established Federal law, as determined by the Supreme Court, or (2) involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court." *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); *see also Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999).  A decision is contrary to clearly established federal law when it contradicts prior Supreme Court precedent and arrives at a conclusion that is "diametrically different" from that precedent. *Williams*, 529 U.S. at 406.  A decision involves an unreasonable application when it utilizes the correct legal principle but reaches an "objectively unreasonable" outcome based on the facts at issue. *Id.* at 409.  However, the Court "may not issue the writ simply because [it concludes] in [its] independent judgment that the state court applied the law erroneously or incorrectly.  Rather, [the Court] must be convinced that the application was also 'objectively unreasonable.'" *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 566 n.4 (10th Cir. 2000), *overruled on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001).

In addition, pursuant to this Court's habeas review, a presumption of correctness exists regarding trial and appellate court findings of fact.  *Sumner v. Mata*, 455 U.S. 591, 592-93 (1982).  As such, Applicant bears the burden of rebutting this presumption "by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *see Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997).

C.      Exhaustion of Claims

As a threshold matter, Respondents argue that the Applicant has failed to exhaust

claims two, four, five, six, seven, eight, nine, and ten. "The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). The state and federal courts have concurrent power to "guard and protect rights secured by the Constitution." *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (citation omitted). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 8383, 842 (1999).

*Claim Two*

In his Amended Application, Applicant contends that he was denied his Sixth Amendment right to a fair trial when the trial court denied Applicant's challenge to a prospective juror for cause. *Application* [No. 7] at 9. Applicant raised this issue on direct appeal, stating that "[a] fair trial before a fair tribunal is a basic requirement of due process of law ..." *Response* [No. 15], App. D at 20 (Brief of Appellant). Applicant cited Colorado law to support his claim.

In order to meet the exhaustion requirement, the claim advanced by the federal habeas petitioner must have been submitted to the state courts as one arising under the federal constitution. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). The decision of the last state court to which the petitioner submitted his claims must fairly appear to rest on issues of federal law or to be interwoven with federal law. *Id.* In *Duncan v. Henry*, 513

8

U.S. 364, 366 (1995), the Supreme Court recognized that an applicant must alert the state court to the federal constitutional nature of his claims in order to properly exhaust his claims. That is, "mere similarity of claims is insufficient to exhaust," and "[i]f a habeas petitioner wishes to claim that [a ruling] at a state court denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id.*  "[T]he substance of a federal habeas corpus claim must first be presented to the state courts in a manner which alerts the state courts to the fact that the defendant is raising federal constitutional issues and not simply issues of state law." *Huynh v. Archuleta*, No. 06-cv-02118-CMA-CBS, 2009 WL 798846, at *4 (D. Colo. Mar. 24, 2009).

Applicant pursued this claim to the Colorado Supreme Court on direct appeal, but until the present action had not raised the issue in his motions for post-conviction relief.  He never cited the Sixth Amendment or federal law to support his claim.  Because Applicant did not raise his federal constitutional rights as an issue until the present action, his claim has not been exhausted.

*Claim Four*

Applicant contends that the trial court erred in denying his motion for a mistrial after a prosecution witness, in violation of a pre-trial order, accused the Applicant of criminal conduct towards her. On direct appeal, Applicant claimed that this error violated the Colorado Rules of Evidence. *Response* [No.15], App. D at 24; *Vann I* at 7-8.  Applicant did not frame his claim as a federal constitutional violation until he filed his petition for writ of certiorari to the Colorado Supreme Court on direct appeal.  *Response* [No. 15], App. F at

15.

In order to satisfy the exhaustion requirement, the claim must be presented under federal law not only to the trial court, but also the state's intermediate court as well as its supreme court.  *O'Sullivan*, 526 U.S. at 845-87.  The petitioner must have invoked "one complete round of the state appellate review process." *Id.* at 845.  Because Applicant failed to do so, his claim is not exhausted.

*Claim Five*

Applicant claims that the trial court's imposition of consecutive sentences  violates the Double Jeopardy Clause of the Fifth Amendment.  On direct appeal, Applicant did not raise a federal constitutional claim, but merely stated that the sentence was an abuse of discretion.  *Response* [No. 15]*,* App. D at 25.  For this reason, Applicant has failed to exhaust this claim.

*Claim Six*

In this claim, Applicant contends that he received an aggravated sentence in violation of *Apprendi v. New Jersey,* 530 U.S. 466 (2000).  He raised this claim in his first motion for post-conviction relief and pursued the claim to the Colorado Court of Appeals.  The claim was denied on May 1, 2003.  He did not seek state supreme court review.

Respondents raise an issue regarding the state remedies available to Applicant. Effective May 18, 2006, the Colorado Supreme Court instituted a new rule regarding the exhaustion requirements for habeas cases.  Colorado Appellate Rule 51.1 provides that:

> **(a) Exhaustion of Remedies.** In all appeals from criminal convictions or post-conviction relief matters from or after July 1, 1974, a litigant shall not be required to

petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

**(b) Savings Clause.** If a litigant's petition for federal habeas corpus is dismissed or denied for failure to exhaust state remedies based on a decision that this rule is ineffective, the litigant shall have 45 days from the date of such dismissal or denial within which to file a motion to recall the mandate together with a writ of certiorari presenting any claim of error not previously presented in reliance on this rule.

The rule states that a litigant need not appeal to the Colorado Supreme Court in order to satisfy the exhaustion requirement.  Applicant cannot take advantage of this rule because it was not in effect at the time his claims were pending in state court.  *See Quintano v. Archuleta*, No. 06-cv-02406-CMA-CBS, 2008 WL 5064270, at *4 n.1 (D. Colo. Nov. 24, 2008); *Smith v. Milyard*, No. 06-cv-00783-WDM-BNB, 2008 WL 2037722, at *5 n.2 (D. Colo. Apr. 18, 2008).  Therefore, the remedy of Supreme Court review was available to Applicant at the time of his post-conviction application, but he did not seek such review.  Thus, Applicant failed to exhaust his *Apprendi* claim.

*Claim Seven*

Applicant contends that his consecutive sentences on two counts of child abuse violated the Double Jeopardy Clause of the Fifth Amendment because the two counts are supported by the same evidence. On direct appeal, Applicant claimed the consecutive sentences were an abuse of discretion.  *Response* [No. 15], App. D (Brief of Appellant).  In his post-conviction motion, Applicant stated that "[t]he sentencing judge erred when sentencing defendant to consecutive sentences when the trial court relied on identical

evidence to convict defendant." *Response* [No.15], App. M (Motion to Vacate Judgment of Conviction).  In neither of these prior pleadings did Applicant mention the Double Jeopardy Clause of the United States Constitution or cite to federal law. He has failed to exhaust this claim.[3]

*Claims Eight, Nine and Ten*

These claims were raised for the first time in Applicant's state habeas corpus proceeding. *See Response* [No. 15], App. C at 3-8, 14-15.  Pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, the district court denied the claims as successive because the claims were or could have been raised on direct appeal but they were not. *Application* [No. 7], App. 8. *See* Colo. R. Crim. P. 35(c)(VI) & (VII).

On habeas review, the federal court will not consider issues that have been defaulted in state court on an independent and adequate state procedural ground. *Hickman v. Spears,* 160 F.3d 1269, 1271 (10th Cir. 1998).  A state procedural ground is independent if it relies on state law as the basis for its decision.  *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998).  For a state ground to be adequate it must be "strictly or regularly followed" and "evenhandedly applied to all similar claims."  *Hathorn v. Lovorn*, 457 U.S. 255, 263 (1982). Colo. R. Crim. P. 35(c) is an adequate and independent state ground. *Huynh v. Archuleta*, 2009 WL 798846, at *12; *Holloman v. Ortiz,* 06-01226-WYD, 2009 WL 798836, at *12 (D. Colo. Mar. 24, 2009). Therefore, pursuant to *Hickman,* Applicant cannot obtain federal

---

[3] Even if Applicant had exhausted this claim, there was no double jeopardy violation here because the consecutive sentences were based on the fact that there were two victims of the child abuse.  *See Burleson v. Saffle*, 292 F.3d 1253, 1255 (10th Cir. 2002).  Colorado law permits consecutive sentences in these circumstances. *See* Colo. Rev. Stat. § 18-1-408(3)(2008).

12

habeas relief on Claims Eight, Nine and Ten.

D.  Merits of Exhausted Claims

*Claim One* – Sufficiency of Evidence

Applicant challenges the sufficiency of the evidence to convict him on one of the two theories presented to the jury.  The jury was instructed that to find the Applicant guilty of child abuse resulting in serious bodily injury, the prosecution had to prove that the applicant knowingly or recklessly either caused an injury to a child's life or health or permitted a child to be unreasonably placed in a situation which posed a threat of injury to a child's life or health. *Vann I* at 1.  Applicant alleges that the evidence was insufficient on the permitted-abuse theory.  Because the jury rendered a general verdict, the Applicant argues, the jury may have convicted him based on a theory not supported by sufficient evidence. *Application* [No.7] at 7-8.

"Sufficiency of the evidence is a mixed question of law and fact." *Maynard v. Boone*, 468 F.3d 665, 673 (10th Cir. 2006).  The reviewing court asks "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Under 28 U.S.C. § 2254(d), a federal habeas court must determine whether the facts are correct and the law was properly applied to the facts. *Maynard*, 468 F.3d at 673.  The determination of a factual issue by a state court is presumed to be correct and the applicant has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

13

In reviewing the evidence on direct appeal, the Colorado Court of Appeals applied

the *Jackson v. Virginia* standard and reached the following conclusions:

> Here, it is undisputed that the children were abused, and that such abuse
> resulted in serious bodily injury. The prosecution presented evidence that the children
> had no injuries of this type before defendant began living with the family, and it
> presented photographs depicting significant injuries each child had sustained.
> There was evidence that defendant was the care provider for the children
> several hours each day, and he admitted that he had seen some marks on the
> children.
> Viewing this evidence as a whole in the light most favorable to the
> prosecution, we conclude that the jury reasonably could have found that the
> defendant, because he was living in the house and caring for the children, if he was
> not the abuser, he nevertheless would have had the opportunity to observe the
> injuries and should have taken some action to protect the children. Indeed, as
> depicted by the photographs, the injuries to the children were so significant that they
> could hardly have been overlooked by any person caring for them. Because
> defendant took no action, the jury reasonably could have found that defendant
> permitted the children to remain in a situation injurious to their health. Thus, we
> conclude that the evidence was sufficient to support the alternative theories
> presented.

*Vann I* at 3.

Applicant has failed to carry his burden of rebutting the presumption that the state

court's determination of a factual issue is correct.  The Colorado Court of Appeals applied

the correct standard of review.  Its determination was not unreasonable or contrary to clearly

established law.[4]

### Claim Three

During trial, the prosecution introduced into evidence the hearsay statements of the

four-year-old victim.  The trial judge permitted the admission of these statements pursuant

---

[4] The Court of Appeals further found that the general verdict supported both theories presented to
the jury.  A general verdict is constitutional provided there is sufficient evidence to support any of the
alternatives.  *Griffin v. United States*, 502 U.S. 46, 56-59 (1991).

to a Colorado statute.   Under Colorado law at the time of Applicant's trial, the hearsay

statements of a child victim were admissible if the court found that the statements were

reliable, and either the child testified at trial or was unavailable as a witness and there was

corroborative  evidence of the act which is the subject of the statement.   Colo. Rev. Stat.

§ 13-25-129 (1).[5]  The trial court made these findings in allowing the hearsay statements of

the four-year-old victim into evidence.  *Record,* Transcript, August 19, 1988 at 58.  He also

found the witness was unavailable to testify.  *Vann I* at 6.

In its limiting instruction before the child's hearsay statements were presented, the

trial court informed the jury that the child was unavailable to testify.  *Record*, vol. VII at 5-7.

Applicant's counsel sought an instruction informing the jury not only that the child witness

was unavailable to testify, but that the child had been declared incompetent to testify.  The

court denied defendant's request.  It concluded that the limited relevancy of this information

was outweighed by the concern that it might mislead the jury.  *Id.* As a result, Applicant

contends that he was deprived of his right to due process.  *Application* [No. 7] at 9.

As a preliminary matter, "errors in jury instructions in a state criminal trial are not

---

[5] On June 11, 2007, several years after Applicant's convictions became final, the
Colorado Supreme Court held this statute unconstitutional in *People v. Moreno*, 160 P.3d 242 (Colo.
2007).  That court held that the statutory exception to the rule against the admission of hearsay
statements made by child assault victims violates a defendant's confrontation guarantee under the Sixth
Amendment.  *Id.* at 246.  The Court made its decision in light of the United States Supreme Court's
confrontation clause decision in *Crawford v. Washington*, 541 U.S. 36 (2004).  The Colorado courts have
not decided whether the *Moreno* decision is retroactive.  However, the *Crawford* decision is not
retroactive. *Whorton v. Bockting*, 549 U.S. 406, 421 (2007).  Since the Colorado Supreme Court's decision
was issued well after Applicant's convictions became final and after he filed this federal habeas, he cannot
take advantage of the ruling. Moreover, Applicant is not challenging the statute *per se*, but only the court's
refusal to tell the jury that the witness was incompetent.  The fact that the statute was declared
unconstitutional is irrelevant for purposes of this claim.

reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" *Nguyen v. Reynolds*, 131 F.3d 1340, 1357 (10th Cir. 1997) (citations omitted).   To obtain relief, a habeas application must demonstrate that the erroneous instruction "by itself so infected the entire trial that the resulting conviction violates due process." *Henderson v. Kibble*, 431 U.S. 145, 154 (1977). State court evidentiary rulings are subject to considerable deference and a federal court "may not provide habeas relief ... unless [those rulings] rendered the trial so fundamentally unfair that a denial of constitutional rights results." *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002)(internal quotations omitted).

Applicant has not shown that his trial was fundamentally unfair.  Moreover, the relief Applicant sought – an instruction that the witness was incompetent because of her age – was effectively provided by the trial court, as the Colorado Court of Appeals found:

> [T]he court did allow defendant to elicit the age of the child and the circumstances under which the statements were made.  Subsequently, the jury was made aware of the child's age, and that it did not hear from her because she was too young.

*Vann I* at 6. Accordingly, Applicant is not entitled to habeas relief on this claim.

### III.    Conclusion

In reviewing the merits of Applicant's claims, the Court finds that Applicant is not entitled to relief pursuant to 28 U.S.C. § 2254. No evidentiary hearing is required. Accordingly, for the reasons stated above, the Court RECOMMENDS that the Amended Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED** and that this case be dismissed with prejudice.

16

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).


Dated: April 13, 2009

                                        BY THE COURT:

                                         s/ Kristen L. Mix
                                        U.S. Magistrate Judge
                                        Kristen L. Mix

17