IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01774-MSK-KLM

MAJOR DANIEL VANN,

        Applicant,

v.

MARK BROADDUS, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

        Respondents.

_____

**OPINION AND ORDER ADOPTING RECOMMENDATION
AND DENYING PETITION**
_____

**THIS MATTER** comes before the Court pursuant to the Petitioner's Objections **(# 43)** to the April 13, 2009 Report and Recommendation **(# 42)** of United States Magistrate Judge Kristen L. Mix that the Petitioner's Amended Petition for Writ of *Habeas Corpus* **(# 7)** be denied.

**I. Background**

The Petitioner does not dispute the accuracy of the Recommendation's recitation of the underlying facts, and this Court therefore adopts those findings in their entirety. In summary, in or about 1996, social workers discovered evidence of significant physical abuse on two children, ages four and seven, for whom the Petitioner was primary caregiver. Based upon statements by the children accusing the Petitioner of inflicting the abuse, along with other circumstantial evidence, the Petitioner was charged with two counts of criminal child abuse under C.R.S. § 18-6-401(1)(a) ("caus[ing] an injury to a child's life or health, or permit[ting] a child to be

1

unreasonably placed in a situation that poses a threat of injury to the child's life or health"). A jury convicted the Petitioner on both counts, and he was subsequently sentenced to two consecutive terms of 23 years' imprisonment.

On September 7, 2006, the Petitioner filed the instant Petition **(# 3)** pursuant to 28 U.S.C. § 2254, seeking a writ of *habeas corpus* on 10 separate grounds: (i) that there was insufficient evidence received at trial to support the jury's verdict; (ii) the trial court improperly denied the Petitioner's "for-cause" challenge to a prospective juror; (iii) the trial court erred in failing to instruct that the four year-old victim was incompetent to testify via hearsay statements; (iv) the trial court erred in not granting a mistrial after a witness testified that the Petitioner threatened to kill her; (v) the imposition of consecutive sentences was an abuse of discretion; (vi) the Petitioner's enhanced sentence violates the principles of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (vii) the imposition of consecutive sentences violates the U.S. Constitution's prohibition of Double Jeopardy; (viii) the charging documents against the Petitioner failed to include a complete citation of the applicable statute; (ix) the jury instructions improperly amended the charging documents because they referenced an uncharged theory of child abuse; and (x) the prosecutor fraudulently informed the jury that the Petitioner had stipulated to matters concerning the testimony of one of the prosecution's expert witnesses.

**II. Referral and Recommendation**

This Court referred the matter to Magistrate Judge Mix for a recommendation, and on April 13, 2009, Magistrate Judge Mix issued the instant Recommendation **(# 42)** that the Petition be denied. Specifically, Magistrate Judge Mix found: (i) that the Petitioner failed to adequately exhaust claims 2 and 4-10, either because he failed to present a federal constitutional issue to the

state courts or because he failed to present the claims at all levels of available appellate review; (ii) with regard to the insufficiency of the evidence claim, the Petitioner failed to show that the state courts' determination of the factual issues was not unreasonable and that the facts as found by the state courts were sufficient to support a verdict of guilt under either (or both) the "caused injury" and "permitted injury" theories; and (iii) with regard to the admission of hearsay statements by the four year-old victim, the admission of that evidence under the state's evidentiary rules did not deprive the Petitioner of a fundamentally fair trial.

The Petitioner filed timely *pro se* Objections **(# 43)** to the Recommendation. The vast majority of the Petitioner's Objections are devoted to arguing issues relating to the sufficiency of the evidence claim. Specifically, the Petitioner contends that he was charged only under a "causing injury" theory, and that it was not until the state had rested its case and the parties proceeded to a charging conference concerning proposed jury instructions that the Petitioner learned that the state was simultaneously pursuing an alternative theory that he was guilty for "permitting" the children to be abused by another, unspecified assailant.[1] The Petitioner argues that the evidence at trial was insufficient to support the "permitted abuse" theory, apparently because the Petitioner alleges that there was an inadequate showing that his permitting the abuse to occur resulted in "serious bodily injury" to the children. He goes on to argue that because the jury was given the option to convict on either theory, but only asked to render a general verdict that did not specify the theory that they were applying, the evidentiary insufficiency on the "permitted abuse" theory requires rejection of the undifferentiated verdict in its entirety.

---

[1] The Petitioner briefly argues that this late revelation of an alternative prosecution theory deprived him of the opportunity at trial to present evidence in opposition to this theory, but neither the Magistrate Judge nor this Court reads the Petition to raise such a claim.

The Objections make no reference whatsoever to the Magistrate Judge's findings that the trial court's rulings regarding the admissibility of the 4 year-old victim's statements. With regard to the findings that the Petitioner failed to exhaust the remaining claims, the Objections state only that the Petitioner "disagrees" with that conclusion, pointing out that the Respondents conceded that claim six (the *Apprendi* issue) was also exhausted, and noting, without further elaboration, that the Petitioner "asserts that Claim One, Three, and Six are reviewable by this Honorable Court."

Finally, the Petitioner makes a passing observation with regard to claim 8 (failure of the charging documents to contain a complete statutory citation) that although the trial court rejected that contention on collateral attack as being "successive,"[2] the Petitioner "questions how an unexhausted claim that has never been litigated could be ruled as successive." Beyond posing that rhetorical question, the Petitioner does not address the matter further.

### III. Standard of Review

When a party files timely, specific Objections to a Magistrate Judge's recommendation, the Court reviews the objected-to portions of the recommendation *de novo*. Fed. R. Civ. P. 72(b). To be sufficiently specific, the Objections must identify the particular finding by the Magistrate Judge that the Petitioner opposes and set forth some meaningful argument that explains why the Petitioner believes that finding is in error; simply saying "I object" or referring back to prior briefing fails to meet the requirement of specificity. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir.1996); *see also Zumwalt v. Astrue*, 220 Fed.Appx. 770, 777-78

---

[2]While perhaps technically correct, labeling the defect as one of "successive[ness]" does engender confusion. The trial court's finding was that the claim should have been raised on direct appeal.

(10th Cir. 2007) (unpublished) (conclusory, one-sentence "objection" that did not specify "why the determination was erroneous" insufficiently specific to warrant *de novo* review); *Price v. Reed*, 246 Fed.Appx. 566, 569-70 (10th Cir. 2007) (unpublished) (*habeas* petitioner's objections that merely "registered his dissatisfaction" with the recommendation without specifying any improperly handled issue of law or fact were insufficiently specific to warrant *de novo* review). To the extent a finding or conclusion by the Magistrate Judge is <u>not</u> the subject of a timely and sufficiently specific objection, this Court reviews that finding under whatever standard it deems appropriate, *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991), recognizing that the lack of appropriate objections prevents further appellate review of the issue. *E. 30th St., supra.*

In considering the Petitioner's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Petitioner's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Petitioner of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Petitioner according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

### IV. Analysis

The Court finds that the Petitioner has not raised sufficiently specific Objections with regard to the Magistrate Judge's findings that most of his claims are barred from review as

unexhausted. The Petitioner's brief comments on this issue constitute little more than the equivalent of a statement that "I object."[3] This Court is unable to ascertain from the Petitioner's Objections what particular findings by the Magistrate Judge on the issue of exhaustion are alleged to be erroneous, nor the Petitioner's explanation for why he considers those findings to be error. His *pro se* status does not relieve him of the obligation to set forth his objections with specificity. *Price,* 246 Fed.Appx. at 569-70. Accordingly, the Court deems those findings to be un-objected to, and reviews them under whatever standard it deems appropriate – here, under the otherwise applicable *de novo* standard. Upon a *de novo* review, the Court reaches the same conclusions for essentially the same reasons as set forth by the Magistrate Judge. Accordingly, the Court adopts the recommendation that claims 2 and 4-10 be denied as unexhausted.

Next, the Court finds that the Petitioner has not come forward with any Objections,

---

[3]To the extent one could read the Petitioner's Objections to both specifically identify a challenge to the Magistrate Judge's findings that claim six was properly exhausted and to set forth the Petitioner's argument as to why the Magistrate Judge's conclusion on that point was erroneous – that is, because the Respondents conceded that that claim was exhausted – the Court would nevertheless adopt the Magistrate Judge's conclusion upon *de novo* review. The Petitioner's only argument in support of this issue is that the Respondents conceded exhaustion of claim 6. A review of their response brief indicates that they did not do so. *See Docket* # 15 at 12-13 ("he failed to invoke one full round of the established appellate procedure that was in effect at the time of his appeal"; inquiring whether a subsequent change in the law "makes discretionary review by the [Colorado Supreme Court] unavailable" in these circumstances, and then supplying the answer "no"), at 19 ("Because Mr. Vann failed to petition the [Colorado Supreme Court] for review, his claim would be unexhausted if any state remedies remained," coupled with the implicit assertion that such remedies did indeed remain). Although a single line in the Respondents' brief does suggest that claim six is among those "reviewable on the merits," *id.* at 26, that assertion is inconsistent with (or possibly in the alternative to) positions clearly taken by the Respondents elsewhere in their brief. To the extent the Court must ascertain the Respondents' true position as to claim six, as between a detailed 7 page argument that the claim is unexhausted and a single line conceding it is not, the Court would defer to the former, which it finds legally persuasive. Accordingly, even upon *de novo* review, the Court would adopt the Magistrate Judge's recommendation that claim six be found to be unexhausted.

6

specific or otherwise, to the Magistrate Judge's findings that claim three, the claim concerning admission of the 4 year-old's statements, does not warrant *habeas* relief.  In the absence of any objections to the Recommendation on this issue, the Court applies whatever standard it sees fit, and once again, review the matter under the otherwise applicable *de novo* standard.  Upon such review, the Court reaches the same conclusions as the Magistrate Judge and for essentially the same reasons.  Accordingly, the Court adopts the Recommendation that claim three be denied on its merits.

This leaves the Petitioner's Objections to the Magistrate Judge's recommendations with regard to claim one.  The crux of the Petitioner's Objections on this issue is that there was insufficient evidence at trial to support the alternative theory that the Petitioner "permitted" another to abuse the victims and cause serious physical injury, and thus, the jury's undifferentiated verdict cannot stand.  This argument suffers from two inherent flaws.

First, it misinterprets Colorado law regarding the sufficiency of the evidence inquiry when alternative theories of guilt are presented to the jury and the jury returns a general verdict that does not designate the theory upon which the jury agreed.  In *James v. People*, 727 P.2d 850, 853 (Colo. 1986), the Colorado Supreme Court appeared to lay down a firm rule that "unless the evidence on each of the alternative [theories] is sufficient to support a verdict by proof beyond a reasonable doubt, there can be no assurance that the general verdict" is consistent with due process and constitutional protections.  However, *James* predated the decision of the United States Supreme Court in *Griffin v. U.S.*, 502 U.S. 46, 59-60 (1991), in which the Court held that principles of due process are not offended by a general verdict in a situation where there is sufficient evidence to support one alternative theory but not the other.  The Court in

*Griffin* reasoned that jurors are presumed to follow the court's instructions and will not convict a defendant on a theory for which there is insufficient evidence, and thus, one may presume that the jury's verdict of guilt was predicated upon the alternative for which sufficient evidence existed. *Id.*

After *Griffin*, the Colorado Supreme Court revisited the issue in *People v. Dunaway*, 88 P.3d 619, 629-30 (Colo. 2004), a case raising precisely the same issues as those urged by the Petitioner here. In *Dunaway,* the defendant was charged with child abuse under C.R.S. § 18-6-401(1)(a). The evidence at trial revealed that the defendant violently shook the victim, and later, sought to prevent the victim's mother from seeking immediate medical attention for the victim. The trial court permitted the case to go to the jury on alternative theories – that the defendant caused the child's injuries by shaking it, or that the defendant permitted the child to suffer injuries by attempting to prevent the child's mother from seeking prompt medical attention thereafter. The Court agreed with the prosecution that there was sufficient evidence to conclude both that the defendant had "caused" harm to the child by shaking and had "permitted" the child to come to harm through his successful attempts to delay medical care. But it also agreed with the defendant that the evidence was insufficient to show that his actions in delaying medical care led the child to suffer serious bodily harm, over and above that which he had already suffered as a result of the shaking. *Id.* at 627. Finding that the state had failed to prove a necessary causal link between the defendant's "permitting" the child to come to harm and the requirement of serious bodily injury as a result, the Court concluded that insufficient evidence existed to support guilt under a "permitted abuse" theory.

Thus, the Court turned to the question of whether the rule in *James* survived *Griffin*.

"While we agree that *James* and *Griffin* would yield different results in this case," the Court explained, "we are not persuaded that any inconsistency between *James* and *Griffin* should be decided in favor of *James*." *Id.* at 630.  Acknowledging that, after *Griffin*, "*James* now rests on unstable ground," the Court expressly overruled *James*, holding that "permitting an instruction on an alternative theory of liability for the same charged offense not support by sufficient evidence does not rise to the level of a constitutional error where the conviction for that offense is otherwise supported by sufficient proof." *Id.* at 630-31.

In light of *Dunaway* – a case the Petitioner fails to cite – it is apparent that fundamental legal assumption underlying the Petitioner's claim is incorrect.  So long as there was sufficient evidence to support the alternative theory that the Petitioner actually caused the harm suffered by the victims here, cases such as *Griffin* and *Dunaway* make clear that any infirmity in the proof of the alternative theory that the Petitioner permitted someone else to cause that harm is irrelevant. The Petitioner does not contend in this action that there was insufficient proof to support the theory that he actually caused the harm to the victims, and thus, any defect in the proof supporting the "permitted abuse" theory is insufficient to warrant *habeas* relief.

Moreover, the Court also agrees with the Magistrate Judge that, as a factual matter, there was sufficient evidence presented to support the "permitted abuse" theory.  As in *Dunaway*, the Petitioner her appears to allege that the precise evidentiary defect is a lack of evidence causally connecting his actions in permitting harm to come to the victim(s) to "serious bodily injury" suffered by the victims.  The Magistrate Judge quoted language from the Colorado Court of Appeals that observes: (i) it was undisputed that the children were indeed abused and that they suffered serious bodily injury from that abuse; (ii) that the Petitioner was responsible for the

primary care of the children; (iii) the children had no marks of abuse prior to the Petitioner assuming their care; (iv) the Petitioner admitted seeing some marks of abuse on the children; and (iv) the marks on the children were so significant that a person responsible for caring for the children could not have been overlooked by any reasonable care provider.  The Petitioner's Objections do not refute that the evidence at trial supporting each of these findings, and thus, the only question is whether these findings are sufficient to demonstrate that the Petitioner's permitting the abuse to occur caused the serious injuries suffered by the children.  Undoubtedly they are.  The evidence is that the children were unharmed prior to their supervision by the Petitioner, that the Petitioner himself observed indicia that the children were being physically abused, and yet did nothing to protect the children from that abuse.  Because of the Petitioner's inaction, the abuse continued, eventually resulting in serious bodily injury to the children. Accordingly, even if it were necessary that there be sufficient evidence to support the "permitted abuse" theory, the Court finds that sufficient evidence exists.

Accordingly, the Court **OVERRULES** the Petitioner's Objections **(# 43)** and **ADOPTS** the Magistrate Judge's Recommendation **(# 42)**.  The Amended Petition **(# 7)** for writ of *habeas corpus* is **DENIED**.  In the interests of efficiency and economy, the Court has *sua sponte* considered whether the Petitioner's is entitled to a Certificate of Appealability under 28 U.S.C. § 2253(c)(2) and the standards of *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  The Court

finds that the issues raised by the Petitioner here do not make a substantial showing of a constitutional deprivation sufficient to warrant such relief. Accordingly, a Certificate of Appealability is **DENIED**.

Dated this 31st day of May, 2009

BY THE COURT:

Marcia S. Krieger
United States District Judge